UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC,<br>      Plaintiff | Case No. 1:11-cv-183 |
| | Spiegel, J. |
| vs | Litkovitz, M.J. |
| TW TRANSPORTATION<br>SOLUTIONS, LLC,<br>      Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Total Quality Logistics, LLC ("TQL") brings this civil action against defendant

TW Transportation Solutions, LLC ("TW Transportation") alleging a claim of breach of contract

and violations of the Carmack Amendment, 49 U.S.C. § 14706, resulting from the damage of

goods by a motor carrier during the interstate shipment of the goods. This Court has diversity

jurisdiction under 28 U.S.C. § 1332 and original jurisdiction over an action arising out of an Act

of Congress regulating commerce under 28 U.S.C. § 1337.

This matter is before the Court on plaintiff TQL's motion for an order to show cause why

defendant TW Transportation and Mr. Trevor Westrom, the owner of TW Transportation, should

not be found in contempt of court and TQL's request for sanctions (Doc. 24), and supplemental

brief in support of contempt finding and request for sanctions (Doc. 29), to which defendant has

not responded. A hearing on the motion was held before the undersigned on May 15, 2012, at

which neither TW Transportation nor Mr. Westrom appeared.

For the reasons that follow, it is recommended that a show cause order be issued to

defendant TW Transportation Solutions, LLC and Mr. Trevor Westrom to appear before the

district judge on a date certain and show cause why they should not be held in contempt of court.[1]

## I.  MAGISTRATE JUDGE'S AUTHORITY ON MOTION FOR CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority

of magistrate judges.  28 U.S.C. § 636(e)(1).  That section provides that a "magistrate judge

serving under this chapter shall have within the territorial jurisdiction prescribed by the

appointment of such magistrate judge the power to exercise contempt authority as set forth in this

subsection."  In civil cases where the parties have not consented to final judgment by the

magistrate judge, contempt is governed by Section 636(e)(6)(B):

> (6) Certification of other contempts to the district court.--Upon the commission of
> any such act--
> . . . .
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section,
> or any other statute, where--
>
>> (i) the act committed in the magistrate judge's presence may, in the
>> opinion of the magistrate judge, constitute a serious criminal
>> contempt punishable by penalties exceeding those set forth in
>> paragraph (5) of this subsection,
>>
>> (ii) the act that constitutes a criminal contempt occurs outside the
>> presence of the magistrate judge, or
>>
>> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may
> serve or cause to be served, upon any person whose behavior is brought into
> question under this paragraph, an order requiring such person to appear before a
> district judge upon a day certain to show cause why that person should not be
> adjudged in contempt by reason of the facts so certified.  The district judge shall
> thereupon hear the evidence as to the act or conduct complained of and, if it is
> such as to warrant punishment, punish such person in the same manner and to the

---

[1] The undersigned magistrate judge issues a report and recommendation and a certification of contempt under 28 U.S.C. § 636(e)(6)(B)(iii) because the relief sought by plaintiff TQL exceeds the magistrate judge's contempt authority.  *See U.S. v. Andriacco,* 106 F. Supp.2d 991, 995 n.3 (S.D. Ohio 1999).

same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

The magistrate judge's role on a motion for contempt in non-consent cases is to certify

facts relevant to the issue of contempt to the district judge. *See, e.g., International Brotherhood*

*of Electrical Workers, Local 474 v. Eagle Electric Co., Inc.*, No. 06-2151, 2007 WL 622504, at

*1, n.1 (W.D. Tenn. Feb. 22, 2007); *U.S. v. Ivie*, No. 05-2314, 2005 WL 1759727, at *1, n.1, and

*2 (W.D. Tenn. June 14, 2005). *See also NXIVM Corp. v. Bouchey*, No. 1:11-mc-0058, 2011

WL 5080322, at *3 (N.D. N.Y. Oct. 24, 2011) (and cases cited therein). "The certification of

facts under section 636(e) serves to determine whether the moving party can adduce sufficient

evidence to establish a prima facie case of contempt." *Telebrands Corp. v. Marc Glassman, Inc.*,

No. 3:09cv734, 2012 WL 1050018, at *1 (D. Conn. March 28, 2012) (quoting *Church v. Steller*,

35 F. Supp.2d 215, 217 (N.D. N.Y. 1999)).

## II. CERTIFIED FACTS

The following facts are certified to the district court: Plaintiff TQL commenced this

action on March 28, 2011, against defendant TW Transportation alleging federal and state law

claims in connection with defendant's failure to deliver a refrigerated shipment of hummus in

accordance with the terms of the bill of lading and rate confirmation governing the shipment.

Defendant failed to answer or otherwise respond to the complaint and on July 20, 2011, the Court

granted a default judgement in TQL's favor in the amount of $82,890.45, plus post-judgment

interest and costs.

In aid of the judgment, TQL served post-judgment interrogatories and requests for

production of documents on defendant TW Transportation on August 10, 2011. TW

3

Transportation failed to respond to the discovery requests within the time allotted by the federal rules. On September 19, 2011, counsel for TQL sent correspondence via electronic and regular mail to defendant regarding its past-due responses to the discovery requests in accordance with Fed. R. Civ. P. 37(a) and S.D. Ohio Civ. R. 37.1. TQL's correspondence advised that if defendant failed to respond by October 3, 2011, TQL would file a motion to compel responses with the Court. That same date, Trevor Westrom contacted plaintiff's counsel by telephone. TQL's counsel reiterated the subject matter of the September 19, 2011 correspondence and provided Mr. Westrom with a second copy of the discovery requests by electronic mail.

Defendant failed to respond to the discovery requests, and TQL moved the Court to compel the responses. On November 29, 2011, the Court granted TQL's motion to compel and ordered defendant TW Transportation to produce the requested discovery within fourteen days of the Order, *i.e.*, by December 13, 2011. Defendant TW Transportation failed to provide the requested discovery and on December 19, 2011, counsel for TQL sent correspondence via electronic and regular mail to defendant c/o Mr. Westrom regarding the discovery requests. The correspondence explained that if responses to the discovery requests were not received on or before December 23, 2011, TQL would request a Court order directing defendant to show cause why it should not be held in contempt for failing to comply with the Court's November 29, 2011 Order and TQL would also request sanctions. Defendant TW Transportation failed to respond to TQL's discovery requests.

TQL filed a motion for an order to show cause why defendant TW Transportation and Mr. Trevor Westrom should not be found in contempt of court and a request for sanctions. Pursuant to the motion, the Court ordered defendant TW Transportation and Mr. Westrom to

4

appear before this Court on Tuesday, May 15, 2012 at 1:30 p.m. in Courtroom 708 to show cause why they should not be held in contempt of this Court. An acknowledgment of service of the Court's show cause order by certified mail on defendant was docketed by the Clerk on April 12, 2012. TW Transportation and Mr. Westrom failed to appear at the May 15, 2012 hearing, failed to notify the Court that they would not be present, and failed to seek a continuance or otherwise object. TQL appeared at the hearing and asked that TW Transportation and Mr. Westrom be ordered to comply with the Court's order compelling discovery, be subject to sanctions including attorney fees and expenses incurred by TQL in obtaining the order to show cause, and be held in contempt of court for failing to appear and comply with the order to compel discovery.

## III. ANALYSIS

TW Transportation and Mr. Westrom's conduct constitutes disobedience of the November 29, 2011 Order of the Court compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that where a party or party's officer, director, or managing agent fails to obey an order to permit discovery, the Court may issue further just orders, including "treating as contempt of court the failure to obey any order. . . ." The contempt power of the court "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In a contempt proceeding, the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is

5

presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To

satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to

comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.

1996) (quotation omitted). The Court must consider whether the defendant "took all reasonable

steps within [its] power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at

379 (quotation omitted).

      In the instant case, defendant TW Transportation and Trevor Westrom's failure to

respond to the Court's order compelling discovery and failure to appear before the Court after

being ordered to do so by the undersigned magistrate judge constitutes disobedience of lawful

court orders and thus contempt before the magistrate judge. In addition, Mr. Westrom, as

"manager" and/or "owner" of TW Transportation (Doc. 29, Exh. A; Doc. 1, Exh. 1)[2] is

responsible for taking all reasonable steps to comply with the Court's orders. In *Wilson v. United

States*, 221 U.S. 361 (1911), the Supreme Court observed:

> A command to the corporation is in effect a command to those who are officially
> responsible for the conduct of its affairs. If they, apprised of the writ directed to
> the corporation, prevent compliance or fail to take appropriate action within their
> power for the performance of the corporate duty, they, no less than the corporation
> itself, are guilty of disobedience, and may be punished for contempt.

*Id.* at 376. *See also Gary's Elec. Serv. Co.,* 340 F.3d at 379 (sole owner of company, "as an

officer of the corporation and the one responsible for the corporation's affairs, was subject to the

court's order just as the corporation itself was" and district court had authority to hold owner in

contempt for his failure to take appropriate action within his power for performance of the

---

[2]Mr. Westrom also represented himself "as the defendant" in making an answer to the complaint. (Doc. 29, Exh. B). The answer was subsequently stricken by the Court. (Doc. 10).

corporate duty); *Williamson v. Recovery Ltd. Partnership*, No. C2-06-292, 2009 WL 3172656, at

*7 (S.D. Ohio Sept. 30, 2009) (citing *Wilson* and concluding that the "same is undoubtedly true

as to a limited partnership or a limited liability corporation."), *aff'd in part and rev'd in part on*

*other grounds*, *Williamson v. Recovery Ltd. Partnership*, Nos. 09-4253, 09-4255, 2012 WL

171385 (6th Cir. Jan. 30, 2012).  TW Transportation and Mr. Westrom have not shown they have

taken any steps, let alone "reasonable" steps, to comply with this Court's order compelling

discovery.  Nor did TW Transportation and Mr. Westrom appear in Court on May 15, 2012 to

explain why they failed to comply with the Court's discovery order.

Accordingly, it is submitted that the district judge should issue a show cause order to

defendant TW Transportation and Trevor Westrom to appear at a date certain before the district

judge to show cause during a hearing why they should not be held in contempt of court for failing

to obey the Court's November 29, 2011 discovery order.

In addition, TQL should be granted attorney fees and expenses they incurred in obtaining

the order to show cause why TW Transportation and Trevor Westrom should not be found in

contempt of court.  (Doc. 26).  The Court previously directed TQL to file a memorandum in

support of the amount of such expenses by May 11, 2012, for the Court's consideration.  *Id.*

Upon review of the memorandum and affidavit filed by TQL in accordance with the Court's

order (Doc. 27), the Court finds an award of $2,080.00 to be reasonable and recommends that

defendant TW Transportation and Trevor Westrom be ordered to pay TQL the sum of $2,080.00

for expenses incurred in connection with TQL's motion for order to show cause.

## IV.  CONCLUSION

It is hereby **RECOMMENDED**: (1) that the district judge should issue a show cause

order to defendant TW Transportation and Trevor Westrom to appear at a date certain before the district judge to show cause during a hearing why they should not be held in contempt of court for failing to obey the Court's November 29, 2011 discovery order; and (2) that defendant TW Transportation and Trevor Westrom be ordered to pay TQL the sum of $2,080.00 for expenses incurred in connection with TQL's motion for order to show cause.

Date: 6/6/12

Karen L. Litkovitz
United States Magistrate Judge

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOTAL QUALITY LOGISTICS, LLC,          Case No. 1:11-cv-183
     Plaintiff

                                          Spiegel, J.
   vs                                 Litkovitz, M.J.

TW TRANSPORTATION
SOLUTIONS, LLC,
     Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9